UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAWRENCE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-0699-CVE-PJC |
| | ) | |
| TULSA 66ERS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court are plaintiff's complaint (Dkt. # 1) and plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 2). Plaintiff, appearing pro se, has filed a complaint (Dkt. # 1) alleging claims based on his desire to play for a semi-pro basketball team. Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

On October 21, 2013, plaintiff filed a pro se complaint using a form provided by the clerk of the court. Plaintiff claims that he negotiated a deal in 2007 with the head coach of the Tulsa 66ers, Nate Tibbets, to play for the team but the deal "turned false in 2010." Dkt. # 1, at 1. He also alleges that he suffered "haressment" by Tibbets and assistant coach Dale Osborne. Id. at 2. He seeks $12,000 in damages. This is not the first case that plaintiff has filed concerning the Tulsa 66ers. In December 2010, plaintiff filed a lawsuit alleging that the Tulsa 66ers engaged in "herresment" and false advertising after he unsuccessfully tried out for the team, and he sought at least $500,000,000 in damages. Harris v. Tulsa 66ers et al., 10-CV-782-CVE-FHM, Dkt. # 1 (N.D. Okla. Dec. 9, 2010). The Court dismissed the case for lack of subject matter jurisdiction, and the

dismissal was affirmed by the Tenth Circuit Court of Appeals. On October 4, 2013, plaintiff filed another case based on the same allegations, and that case was also dismissed for lack of subject matter jurisdiction. Harris v. PBC NBA DL, LLC et al., 13-CV-655-CVE-PJC, Dkt. # 3 (N.D. Okla. Oct. 15, 2013).

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The complaint alleges that all parties are citizens of Oklahoma and the amount in controversy does not exceed $75,000, and there is no basis for the Court to exercise diversity jurisdiction over this case. The Court will consider whether plaintiff's complaint could be construed to allege a claim arising under federal law. Generally, the "well-pleaded complaint" rule requires that the federal

question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)).

The Court has determined, sua sponte, that dismissal of plaintiff's claims against defendant is warranted for lack of subject matter jurisdiction. Plaintiff's claims are based on the same facts as his previous lawsuits and, as found by the Tenth Circuit, plaintiff's initial lawsuit was appropriately dismissed for lack of subject matter jurisdiction. See Harris v. PBC NBADL, LLC, 444 Fed. App'x 300 (10th Cir. Oct. 31, 2011).[1] The Court has considered plaintiff's pro se status and has liberally construed the allegations of the complaint, and the Court finds no basis to exercise federal question jurisdiction over this case. Plaintiff's complaint makes no reference to any federal law, and the complaint cannot reasonably be construed to allege a claim arising under federal law.

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

**IT IS THEREFORE ORDERED** that the complaint (Dkt. # 1) is hereby **dismissed without prejudice**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 2) is **moot**.

**DATED** this 7th day of November, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE